UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID H. SCHEFFER, MARY C. BERGEVIN,
JOSEPH L. STEPHANY, LAURA J.
SWARTZENBERG AND ROSARIO ZOCCO,

                          Plaintiffs,              05-CV-6700

          vs.
                                                   **DECISION**
THE CIVIL SERVICE EMPLOYEES ASSOCIATION,           **AND ORDER**
LOCAL 828, THE CIVIL SERVICE EMPLOYEES
ASSOCIATION, AFSCME, LOCAL 1000, AFL-CIO
AND AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFL-CIO,

                          Defendants.
_____

## INTRODUCTION

    Plaintiffs David Scheffer, Mary Bergevin, Joseph Stephany,
Laura Swartzenberg and Rosario Zocco bring the instant motion
requesting a stay and leave to appeal this Court's October 24, 2006
Decision and Order ("October 24 Decision"), which denied
plaintiffs' counsel's application for appointment as class counsel
and held in abeyance plaintiffs' motion for class certification
until the putative class is represented by substitute counsel. In
the alternative, plaintiffs request reconsideration of this Court's
October 24 Decision. In addition, defendants Civil Service
Employees Association, Local 828; Civil Service Employees
Association, AFSCME, Local 1000, AFL-CIO; and the American
Federation of State, County and Municipal Employees, AFL-CIO bring
a motion seeking to clarify this Court's ruling in its October 24
Decision regarding the adequacy of class counsel. For the reasons
stated below, plaintiffs' motion for a stay and leave to appeal or,

1

in the alternative, for reconsideration is denied. Defendants'
motion to clarify this Court's ruling is granted.

## BACKGROUND

Plaintiffs are Probation Officers employed by the County of
Monroe, New York, who allege that defendants seized union fees from
their wages in the absence of notice and procedural safeguards
required by the First Amendment, and further that defendants used
fees collected from plaintiffs' wages for non-bargaining activities
such as organizing.

On April 5, 2006, plaintiffs filed a motion for class
certification and also requested that their counsel be appointed
class counsel pursuant to Rule 23 of the Federal Rules of Civil
Procedure. On August 3, 2006, defendants opposed the motion
pointing out, among other things, that plaintiffs should abandon
their restitution and punitive damages claims because those claims
create a conflict of interest, which disqualifies the plaintiffs'
attorneys as potential class counsel.  Notably, on September 27,
2006, after defendants filed their opposition papers and nearly six
months _after_ the motion for class certification was filed,
plaintiffs filed a motion to amend their complaint in which they
abandoned any claim for either punitive damages or full
restitution.

In my October 24, 2006 Decision and Order, I denied counsel's
application for appointment as class counsel under Rule 23(g) of
the Federal Rules of Civil Procedure, and held in abeyance
plaintiffs' motion for class certification until the putative class

was represented by substitute counsel. Contrary to the plaintiffs' contention, this Court did not alternatively require and/or order that the class be represented by attorney Michael Harren. See October 24 Decision at 16-17. Rather, the plaintiffs were granted the option of entering into an "attorney-client relationship" with him.[1] See id. Plaintiffs now seek a stay and leave to appeal the October 24 Decision, or, in the alternative, seek reconsideration of that Order. Defendants also move to clarify this Court's ruling concerning the adequacy of class counsel.

## DISCUSSION

### I.    Interlocutory Appeal Under Section 1292(b)

Pursuant to 28 U.S.C. § 1292(b), a district court may certify a question for interlocutory appeal where the issue involves "a controlling question of law as to which there is substantial ground for difference of opinion," and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." However, a District Court's power to "grant an interlocutory appeal is strictly limited and only exceptional circumstances will justify certification." See Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990); See also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (use of

---

[1] Indeed, my Decision directed Mr. Harren to report to me within 20 days "whether or not an attorney-client relationship [could] be established with the class members." See id. By letter dated November 10, 2006, Mr. Harren reported to me that he was "unable to establish an attorney-client relationship with the class representatives." See November 10, 2006 letter attached as Ex. A.

certification procedure is strictly limited and only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.")

### A.   Controlling Question of Law.

Plaintiffs contend that the issue of whether the Court is permitted to take into account the National Right to Work Legal Defense Foundation's ("Foundation") policy pronouncements in determining whether to disqualify its counsel as class counsel is a controlling question of law.[2]

Since the October 24 Decision involves an exercise of discretion that turns on its analysis of the factual record presented by both parties, leave to seek review under § 1292(b) is denied. See Herold v. Braun, 671 F.Supp. 936, 937 (E.D.N.Y. 1987) ("Ordinarily a district court should refuse to certify matters ... that lie within its discretion.") (citations omitted). Moreover, the October 24 Decision is not controlling because it neither terminates the action nor "influence[s] the outcome of many other cases." See Genentech, 907 F. Supp. at 99.  Plaintiffs assert that

---

[2]Plaintiffs incorrectly argue that the Decision will terminate the action, "because the Court will dismiss the lawsuit if they do not agree to the Court's appointment of Michael Harren as their lawyer." In fact, in a letter order addressed to all plaintiffs dated November 22, 2006, I stated "I understand that Mr. Harren contacted you and you do not wish to have him represent you.... I must advise you that I will not permit this case to proceed as a class action without the class representatives being represented by counsel." Again in a letter order dated December 4, 2006, I advised plaintiffs that I would "not permit this case to proceed as a class action without representation by appropriate class counsel." Nowhere in any of my orders did I indicate that I would dismiss plaintiffs' action if they did not agree with my appointment of Michael Harren as their class counsel.

this Court's Order is controlling because it will "significantly alter the conduct of this action" because new class counsel will present the case differently than the Foundation's counsel. Plaintiffs Br. ("Pls. Br.") at 9. However, it has not yet been determined who the substitute counsel will be, or even whether the case will be certified as a class action. Accordingly, it is at best, speculative for plaintiff to state that the October 24 Decision will alter the conduct of this lawsuit in any way that warrants review by interlocutory appeal. Moreover, because this Decision will permit the Foundation's counsel to represent plaintiffs in their individual capacities, their right to pursue their individual claims with counsel of their own choosing remains protected.

**B.    Material Advancement of the Ultimate Termination of the Litigation.**

Plaintiffs assert that when final judgment is entered, plaintiffs will appeal the October 24 Decision, which provides for Mr. Harren's appointment as substitute counsel and the denial of the Foundation attorneys' application to be class counsel. Plaintiffs further contend that a successful appeal on that issue alone might require the entire case to be re-litigated, which would result in a substantial waste of resources.

Plaintiffs have misstated the facts and have misinterpreted my October 24 Decision. First, the issue concerning Mr. Harren's substitution as class counsel is moot since as of November 10, 2006, Mr. Harren reported that he was unable to establish an

attorney-client relationship with plaintiffs and has had no further contact with them. I, therefore find that an interlocutory appeal would not materially advance this litigation, since the issue they raise is not only untenable, but moot.

## II.  Motion for Reconsideration

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Systems, Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Generally, a motion for reconsideration may be granted only where the court has "overlooked matters...which, had they been considered, might reasonably have altered the result reached by the court." Consol. Gold Fields, PLC v. Anglo Am. Corp. of South Africa, Ltd., 713 F.Supp. 1457, 1476 (S.D.N.Y. 1989).

### A.  Plaintiffs Have Failed to Establish That Reconsideration of the October 24, 2006 Decision and Order is Warranted.

Plaintiffs contend that they are entitled to reconsideration of this Court's October 24 Decision because plaintiffs' supplemental complaint abandoned all demands for punitive damages and any class claims for full restitution. Plaintiffs claim that this Court erred because it failed to acknowledge the abandonment of such claims, which if considered by the this Court, would not have supported finding a disqualifying conflict under Gilpin v.

AFSCME, 875 F.2d 1310 (7th Cir. 1989).[3]

It does not go unnoticed that the Foundation attorneys continue to seek remedies that are adverse to the interests of many members of the putative class. The plaintiffs are non-members of CSEA Local 828 or CSEA AFSCME Local 1000, yet they continue to seek restitution for all non-members of the union, including those who are not objectors, for the full amount of fees transmitted from CSEA to its subordinate affiliates without regard to whether any portion of that fee is properly chargeable. Pls. Br. at p. 4 n. 12.

**B.    The Foundation Attorneys May Represent Plaintiffs to Pursue Their Individual Claims, But Not as Class Counsel.**

The plaintiffs erroneously interpret the Court's order as denying them their First Amendment right to associate with and select their own counsel. See Pls. Br. at 7-8. However, the Court's October 24 Decision determined that the Foundation attorneys were not qualified to serve as class counsel under Rule 23(g) of the Federal Rules of Civil Procedure.[4] Nothing in this Court's decision precludes the Foundation attorneys from representing the plaintiffs in their individual capacities. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir.

---

[3]For reasons best known to plaintiffs, they fail to acknowledge that the abandonment of those claims did not take place until two months after defendant's opposition was filed.

[4]Plaintiffs allege that "[t]he Decision apparently substitutes Michael Harren not only as class counsel, but also as the Nonmembers' attorney, even though no motion was ever filed to disqualify the Nonmembers' attorneys." See Pls. Br. at 5. No reasonable reading of my decision supports this conclusion.

1990). Thus, contrary to their claim, there is no violation of plaintiffs' First Amendment right since this Court did not deprive them of engaging individual counsel of their choice.

Moreover, this Court did not require that the class be represented by Mr. Harren. Rather, consistent with Rule 23 of the Federal Rules of Civil Procedure[5] this Court gave the plaintiffs the option of entering into an attorney-client relationship with Mr. Harren. The plaintiffs thereafter decided that Mr. Harren was not an acceptable option to represent their interests. In a letter to the Court dated November 10, 2006 Mr. Harren reported that he was "unable to establish an attorney-client relationship" with the class representatives. Therefore, Mr. Harren's involvement ceased as of that date and accordingly, plaintiffs' request for reconsideration on this ground is moot.

### III. **Clarification of the October 24, 2006 Decision**

Defendants filed a motion for clarification of this Court's October 24 Decision on the specific issue of whether the decision only bars the Foundation attorneys from proceeding on behalf of the plaintiffs as class representatives, or whether it also disqualifies them from acting as attorneys for the plaintiffs in their individual capacities. For the reasons stated in the October 24, 2006 Decision, this Court, in considering the plaintiffs' motion for class certification, determined that the

---

[5] Rule 23 permits the Court to "invite new applications" or to "make any other appropriate order regarding selection and appointment of class counsel" if the Court finds that the proposed class counsel is inadequate. See Fed. R. Civ. P. 23(g)(1)(C), Advisory Committee's Note.

Foundation attorneys could not adequately represent the class. Nothing in that decision prohibits the plaintiffs from having the Foundation attorneys represent them in prosecuting their individual claims. Therefore, plaintiffs may, if they wish, pursue their individual claims, with Foundation attorneys representing them. The Foundation attorneys may not, however, represent plaintiffs in the plaintiffs' capacities as class representatives. This case has not yet been certified as a class action, and will continue as a single action brought by the five listed plaintiffs on their own behalf.

## CONCLUSION

In my October 24, 2006 Decision and Order, I denied plaintiffs' counsel's application for appointment as class counsel under Rule 23(g) of the Federal Rules of Civil Procedure and held in abeyance plaintiffs' motion for class certification pending the substitution of qualified counsel to represent the putative class. I find no basis to modify that holding, nor do I find any of the issues raised by plaintiffs on this motion appropriate for certification for an interlocutory appeal. Therefore, plaintiffs' motion for certification for interlocutory appeal and motion for reconsideration are both denied.

Plaintiffs' refusal to accept Michael Harren, Esq. as substitute counsel is acknowledged and accepted. Plaintiffs may proceed with counsel of their choice employed by the National Right to Work Legal Defense Foundation to pursue their individual claims, but those attorneys may not serve as class counsel.

Plaintiffs' motion for class certification remains in abeyance.

ALL OF THE ABOVE IS SO ORDERED.

                    s/Michael A. Telesca
                    MICHAEL A. TELESCA
                 United States District Judge

Dated:    Rochester, New York
          December 21, 2006