_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID H. SCHEFFER, MARY C. BERGEVIN, JOSEPH L. STEPHANY, AND LAURA J. SWARTZENBERG,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 828; THE CIVIL SERVICE EMPLOYEES ASSOCIATION, AFSCME, LOCAL 1000, AFL-CIO; AND AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,<br><br>    Defendants. | **Case No. 6:05-cv-06700-MAT-MWP**<br><br>**Courtroom of Hon. Michael A. Telesca**<br><br>**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT ON REMAND** |

<u>JOINT MOTION FOR ENTRY OF FINAL JUDGMENT ON REMAND</u>

Come now the parties, by their undersigned counsel, pursuant to Rules 54 and 58, Fed. R. Civ. P., and L.R. 7, and, having agreed to the terms that follow, respectfully move the Court for entry of judgment. The parties provide the following as support of their request:

1.   This action was initiated on December 6, 2005, by the filing of a Class Action Complaint (Doc. #1). Plaintiffs are probation officers employed by Monroe County, New

York and work within a collective-bargaining unit represented by Defendants. The Complaint alleged that Defendants violated Plaintiffs' First Amendment rights by using the "local union presumption" (in lieu of independently audited spending reports) for each local affiliate of Defendant Civil Service Employees Association ("CSEA") in disclosing how its expenses are allocated (Count I); and charging objecting nonmembers for the costs associated with CSEA's organizing activities (Count II).

2. The District Court denied summary judgment to Plaintiffs and granted summary judgment to Defendants on both counts and dismissed the complaint with prejudice. *Scheffer v. Civil Serv. Employees Ass'n, Local 828*, No. 05-cv-6700, 2007 WL 2126286 (W.D.N.Y. July 23, 2007) (Doc. #60).

3. Four of the Plaintiffs[1] timely appealed to the United States Court of Appeals for the Second Circuit.

4. On June 28, 2010, the Second Circuit agreed with the District Court that the fee calculation and disclosure procedures for each local CSEA affiliate are constitutional (Count I), but reversed the District Court on the chargeability of CSEA's organizing expenses (Count II), holding "that under the First Amendment, plaintiffs-appellants cannot be charged for the organizing expense involving employees who perform entirely different types of work." *Scheffer v. Civil Serv. Employees Ass'n, Local 828*, 610 F.3d 782, 784 (2d Cir. 2010).

---

[1] Original Plaintiff Rosario Zocco did not appeal the Judgment of the District Court.

5. In its decision, the Second Circuit concluded "that (1) plaintiffs-appellants are entitled to summary judgment with respect to their claim that they, as probation officers, cannot be charged for the union's costs of organizing private-sector workers in the developmental disability, food service, and courier industries, and (2) the union is entitled to summary judgment on plaintiffs' claim that the fee-disclosure procedures are unconstitutional." *Id.* at 787.

6. The Second Circuit AFFIRMED the judgment of the district court in part, REVERSED in part, and REMANDED for further proceedings consistent with its opinion. *Id.* at 793.

7. The parties agree that Defendant CSEA's organizing expenses originally charged Plaintiffs, in the total amount of $382.41 for each Plaintiff for the fiscal years 2005-06 through 2009-10, should be refunded to the Plaintiffs, with statutory interest from the date of payment of the fees in the amount of $19.42, for a total refund to each Plaintiff of $401.83.

WHEREFORE, the parties request that the Court enter Judgment as directed by the Second Circuit (*see supra* ¶ 5), and award each Plaintiff damages in the amount of $382.41, plus statutory interest from the date of payment of the fees of $19.42, for a total of $401.83.

DATED: April 19, 2012

Respectfully submitted,

| | |
|---|---|
| /s/ Milton L. Chappell | /s/ John M. West |
| MILTON L. CHAPPELL, ESQ. | JOHN M. WEST, ESQ. |
| (admitted *pro hac vice*) | (admitted *pro hac vice*) |
| c/o National Right to Work Legal | MATTHEW CLASH-DREXLER, ESQ. |
|    Defense Foundation, Inc. | (admitted *pro hac vice*) |
| 8001 Braddock Road, Suite 600 | Bredhoff & Kaiser, P.L.L.C. |
| Springfield, VA   22160 | 805 Fifteenth Street, NW, Suite 1000 |
| 703-321-8510 | Washington, DC 20005 |
| mlc@nrtw.org | 202-842-2600 |
| | jwest@bredhoff.com |
| LAURENCE B. OPPENHEIMER, ESQ. | |
| Hiscock & Barclay, L.L.P. | JULES L. SMITH, ESQ. |
| 1100 M&T Center | Blitman & King, L.L.P. |
| Three Fountain Plaza | The Powers Building |
| Buffalo, NY 14203-1486 | 16 West Main Street, Suite 207 |
| 716-566-1575 | Rochester, NY 14614 |
| loppenheimer@hiscockbarclay.com | 585-232-5600 |
| | jlsmith@bklawyers.com |
| ATTORNEYS FOR THE PLAINTIFFS | ATTORNEYS FOR THE DEFENDANTS |